# 16-3682-CR

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

>>•<<

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

JORDAN HIDALGO,

*Defendant-Appellant.*

On Appeal from the United States District Court
*for the Western District of New York (Buffalo)*

## REPLY BRIEF FOR DEFENDANT-APPELLANT

STEVEN Y. YUROWITZ, ESQ.
*Attorney for Defendant-Appellant*
950 Third Avenue, 32nd Floor
New York, New York 10022
212-308-7900

**TABLE OF CONTENTS**

**Page**

REPLY ARGUMENT ................................................................................................. 1

POINT I:  NOTHING IN THE GOVERNMENT'S BRIEF UNDERMINES HIDALGO'S ARGUMENT THAT HE WAS ENTITLED TO A JUSTIFICATION INSTRUCTION.......................................................................... 1

POINT II:  THE GOVERNMENT'S CONCESSION BELOW THAT "PHYSICAL CONTACT" IS AN ELEMENT OF THE ENHANCED OFFENSE DOOMS ITS ARGUMENT ON APPEAL........................................ 2

CONCLUSION ......................................................................................................... 5

i

# TABLE OF AUTHORITIES

## Cases

*Jones v. United States,* 526 U.S. 227 (1999) ........................................................................... 4

*Sams v. United States*, 721 A.2d 945 (D.C. 1998) .................................................................. 2

*United States v. Acosta-Sierra*, 690 F.3d 1111 (9th Cir. 2012) ...................................... 1

*United States v. Chestaro*, 197 F.3d 600 (1999) .................................................................. 4

*United States v. Gaudin*, 515 U.S. 506 (1995) ....................................................................... 5

*United States v. Guyon*, 717 F.2d 1536 (6th Cir. 1983) ..................................................... 2

*United States v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009) .................................................... 5

*United States v. Siler,* 734 F.3d 1290 (11th Cir. 2013) ...................................................... 4

## Other Authorities

Random House Dictionary 2018 ................................................................................................. 4

**REPLY ARGUMENT**

**POINT I: NOTHING IN THE GOVERNMENT'S BRIEF UNDERMINES HIDALGO'S ARGUMENT THAT HE WAS ENTITLED TO A JUSTIFICATION INSTRUCTION**

The government concedes that even if it the court assessed Hidalgo's justification defense as being "incredible" or "weak," so long as some evidence exists for a jury to find in his favor, Hidalgo had a constitutional right to have the jury instructed on that defense. GB6. Nevertheless, the government argues that Hidalgo presented no evidence supporting his entitlement to the instruction. The government's position appears to be that because Hidalgo took a fighting stance *before* anyone entered the jail cell, there can be no basis for a jury to conclude that Hidalgo acted in self-defense *after* the officers entered the cell. The government offers no authority for its proposed rule of law.

Certainly, *United States v. Acosta-Sierra*, 690 F.3d 1111 (9th Cir. 2012), the only case cited by the government fails to support that broad proposition. In *Acosta-Sierra*, the Ninth Circuit upheld the denial of a self-defense instruction because it found that by throwing a rock towards the officer the defendant was the initial attacker and therefore he could not have held an objectively reasonable belief that self-defense was justified. Here, however, whatever fighting *words* Hidalgo may have uttered before the officers entered the cell it

by no means rendered him an attacker. *See, e.g., United States v. Guyon*, 717 F.2d 1536, 1541 (6th Cir. 1983).

By the time the officers entered Hidalgo's cell, there was a reasonable view of the evidence that Hidalgo was backed against the wall, and when charged by a number of officers, Hidalgo could have reasonably believed that self-defense was justified. At a minimum, that question was an issue for the jury to decide. *Sams v. United States*, 721 A.2d 945, 952 (D.C. 1998). By failing to instruct the jury on justification, Hidalgo was denied his constitutional right to present a defense and to a fair trial. Hidalgo's conviction should be vacated.

**POINT II: THE GOVERNMENT'S CONCESSION BELOW THAT "PHYSICAL CONTACT" IS AN ELEMENT OF THE ENHANCED OFFENSE DOOMS ITS ARGUMENT ON APPEAL**

The government does not take issue with the fundamental proposition that an indictment must allege all of the elements of an offense. Instead, the government claims that contrary to the position it took below, "physical contact" is not an element of the aggravated assault offense. The government can only make this argument by distorting the jury instruction it requested, an instruction that was adopted by the district court. Indeed, by requesting an instruction that included "physical contact" as an element, the government waived its right to challenge that decision on appeal.

The government concedes as it must that its requested instruction adopted by the district court, told the jury that in determining the second element it must find that such "forcible action involved actual physical contact." Doc#32 at 9 (government requested instructions); A224-225 (court's charge to the jury). According to the government, the reference to "physical contact" was not intended refer to an element, but was simply "a means of defining what constitutes 'forcibly assaulted.'" GB11.

The government's argument, however, proves too much, since accepting it would mean that "physical contact" is not an element of any §111 offense, an argument even the government does not attempt to make since it makes the provisions of §111(a) nonsensical, i.e., the misdemeanor offense punishes one who "forcibly assaults" an officer which according to the government includes "physical contact," and the intermediate assault offense punishes one who commits that same offense where the act involves "physical contact." Moreover, the syntax of the court's instruction --- which included, *inter alia*, use of the word "and" as opposed to "by means of" ---makes it plain that "physical contact" is an additional element the jury must find, and not simply a means to committing "physical contact." Finally, the sentence in which "physical contact" appeared did not refer to "forcibly assault" the term it was supposedly clarifying but rather "forcible action." A224-225.

Nor does this Court's prior decision in *United States v. Chestaro*, 197 F.3d 600 (1999), undermine Hidalgo's position. *Chestaro* was interpreting an earlier version of §111 which did not even have "physical contact" as an explicit element. Moreover, nothing in the *Chestaroi's* holding held that §111 creates three different offenses is inconsistent with Hidalgo's argument. Instead, the issue is whether each of the three offenses build on each other. In *Jones v. United States,* 526 U.S. 227 (1999), interpreting a statute that *United States v. Siler,* 734 F.3d 1290, 1295 (11th Cir. 2013), relied on by the government found to be similar to §111, the *Jones* court observed that the statute "not only provide for steeply higher penalties, but condition them on *further* facts ... that seem quite as important as the elements in the principal paragraph." *Id.* at 233 (emphasis added). *Jones*'s reference to "further" facts, i.e., "additional" or "more" (Random House Dictionary 2018) facts, is consistent with Hidalgo's view that each of the three offenses build on each other.

Finally, having conceded below that "physical contact" is an element, the government's concession should end the inquiry. *See, e.g., United States v. Gaudin*, 515 U.S. 506 (1995) (Rehnquist, concurring) (because the government conceded that "materiality" was an element, court assumes that it is so, even though "[w]hether "materiality" is indeed an element of every offense under 18 U. S. C. § 1001 is not at all obvious from its text" and notwithstanding the fact

4

that "there is a conflict among the Courts of Appeals over whether materiality is an element of the offense"); *cf. United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009) ("by agreeing that the instruction was satisfactory, [defendant] waived the right to challenge the instruction on appeal").

## CONCLUSION

For the foregoing reasons, as well as those set forth in Hidalgo's principal brief, his conviction should be vacated and the indictment dismissed or a new trial ordered.

Dated:  New York, New York
      May 2, 2018

                             _____/s/_____
                             STEVEN Y. YUROWITZ, ESQ.

                             950 Third Avenue
                             New York, New York 10022
                             (212) 308-7900
                             *Attorney for Defendant-Appellant*
                             *Jordan Hidalgo*